F I L E D
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★   NOV 13 2018   ★

LONG ISLAND OFFICE

**BARSHAY SANDERS, PLLC**
100 Garden City Plaza, Suite 500
Garden City, New York 11530
Tel: (516) 203-7600
Fax: (516) 706-5055
Email: *csanders@BarshaySanders.com*
*Attorneys for Plaintiff*
Our File No.: 116508

BARSHAY | SANDERS PLLC
100 GARDEN CITY PLAZA, SUITE 500
GARDEN CITY, NEW YORK 11530

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| RVC Floor Décor, Ltd<br><br>Plaintiff,<br><br>vs.<br><br>Floor & Decor Holdings, Inc. and Floor and Décor Outlets of America, Inc.,<br><br>Defendant. | **CV18 6449**<br>Docket No.<br><br>**COMPLAINT**<br><br>**JURY TRIAL DEMANDED**<br><br>**HURLEY, J.**<br>**LINDSAY, M.J.** |

RVC Floor Décor Ltd (hereinafter referred to as "*Floor Décor*" or "*Plaintiff*"), by and through the undersigned counsel, complains, states and alleges against Floor & Decor Holdings, Inc. and Floor and Décor Outlets of America, Inc. (hereinafter referred to collectively as "*Defendants*"), as follows:

### PARTIES

1.      Plaintiff RVC Floor Decor Ltd is a New York Corporation with a primary business address at 456 Sunrise Highway, Rockville Centre, NY 11570.

2.      Upon information and belief, Defendant Floor & Decor Holdings, Inc., is a Delaware Corporation with a business address of 1002 Broad Hollow Road, Farmingdale, New York 11735.

3.      Upon information and belief, Defendant Floor & Decor Holdings, Inc., operates the business located at 1002 Broad Hollow Road, Farmingdale, New York 11735.

4.     Upon information and belief, Defendant Floor and Décor Outlets of America, Inc., is a Delaware Corporation with a business address of 1002 Broad Hollow Road, Farmingdale, New York 11735.

5.     Upon information and belief, Defendant Floor and Decor Outlets of America, Inc., operates the business located at 1002 Broad Hollow Road, Farmingdale, New York 11735.

6.     In July 2003, Defendant Floor and Décor Outlets of America, Inc. filed a registration with the United States Patent Office seeking to register as a word trademark "Floor & Décor." (Serial Number 7629310). This application was published for opposition on August 9, 2005 and was registered as a trademark under registration number 3110827 on July 4, 2006.

## JURISDICTION AND VENUE

7.     This action arises under the trademark and unfair competition laws of the United States and the laws of the State of New York. It is brought pursuant to Sections 43(a) of the Lanham Act, 15 U.S.C. § 1125(a); N.Y. Gen. Bus. L. §§ 349 and 360-*l*; and the common law.

8.     Jurisdiction of the court is based on the Lanham Act, as amended, 15 U.S.C. § 1051, et seq., and on 28 U.S.C. §§ 1331, 1338, and 1367 of the Judicial Code, 28 U.S.C. §§ 1331, 1338, and 1367.

9.     Upon information and belief, Defendant is and has been doing business in this District through solicitation, advertising, and provision of services, and is subject to personal jurisdiction in this District.

10.    Venue is proper under 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claim occurred in this Judicial District.

## FACTS COMMON TO ALL COUNTS

11.    In 1973, Ronald Altarac and Robert Smith were Junior partners in a flooring company and were unhappy with their treatment and decided to leave and start their own company.

12.    On or about August 27, 1974, RVC Floor Décor, Ltd. was incorporated in New York State as a domestic business corporation ("Floor Décor").

13.    The "RVC" portion of RVC Floor Décor, Ltd. stood for Rockville Centre but has never been used by the corporation in any of its signage, advertising, letterhead, invoicing or other business usage. The corporation has at all times operated as Floor Décor.

BARSHAY | SANDERS PLLC
100 GARDEN CITY PLAZA, SUITE 500
GARDEN CITY, NEW YORK 11530

2

14. The first location for Floor Décor was a small store in Rockville Centre at 430 Sunrise Highway. This store opened on October 4, 1974 under the trademark "Floor Décor" and quickly grew into a vibrant business.

15. In 1983, an opportunity came about to build a 15,000 square foot showroom at 456 Sunrise Highway in Rockville Centre that would have the ability to handle both retail and designer flooring solutions.

16. Floor Décor became one of the highest quality showrooms on Long Island with customers coming from New Jersey and the Hamptons for custom broadloom, area rugs, vinyl tile and flooring.

17. Floor Décor developed an extensive customer list and services customers predominantly in Kings, Queens, Nassau and Suffolk counties.

18. In 1989 Glenn Altarac ("Altarac") joined the family business as an employee.

19. Through Altarac's involvement the showroom was brought to the next level catering both to the exsiting extensive customer list as well as a new younger base of consumers.

20. In 1996, Ronald Altarac was diagnosed with cancer and Altarac bought his interest in Floor Décor and became partners with Robert Smith.

21. Shortly thereafter, in or about 1997, Glenn brought in a partner who purchased Robert Smith's interest in Floor Décor.

22. In the Spring of 2012, Altarac bought out the partner and became the sole owner of the business.

23. Floor Décor has at all times since 1974 continued to operate the business of Floor Décor in Rockville Centre.

24. Floor Décor has at all times operated its store at 456 Sunrise Highway under the tradename Floor Décor.

25. In the Spring of 2014, after having established its brand for 40 years in Rockville Centre, Altarac decided to futher expand Floor Décor's business by bringing its services to the North Shore.

26. Altarc opened a new 11,000 square foot showroom for Floor Décor Ltd. in Syosset, New York using the tradename "Floor Décor" and, since the store also offered furniture and interior deisgn services, Plaintiff has also operated with the additional tradename of "Floor Décor & Design".

BARSHAY | SANDERS PLLC
100 GARDEN CITY PLAZA, SUITE 500
GARDEN CITY, NEW YORK 11530

3

27.    Through extensive advertising and business development, Floor Décor has become a major showroom for flooring and design in its two locations.

28.    Recently, over the last couple of months, customers have begun calling Floor Décor about products not sold by Floor Décor.

29.    Presently the stores receive between 5-10 calls a day from customers looking for lower end products not sold by Floor Décor.

30.    Over the past couple of weeks, Floor Décor has had a number of customers come to its showrooms who became quite angry since the stores do not carry low end Chinese imported product that Defendants advertise.

31.    The Floor Décor staff has been treated horribly by customers who feel defrauded by what they consider to be false advertisements.  The confusion among Planitiff's customers arises from Defendants' presence and advertising in the market by use of a trade name that it nearly identical to Plaintiff's authentic mark.  In fact, one recent customer accused a Floor Décor salesperson of being racist because she was convinced the company did not want to show her the products she saw online at Defendants' website.

32.    Once commercials began airing on television for Floor & Décor Holdings, Inc., Floor Décor started to receive calls from friends and customers alike congratulating us on our new location.

33.    Floor Décor has been in business serving customers in Kings, Queens, Nassau and Suffolk for 44 years.

34.    To have a huge company such as that of the Defendants enter into Plaintiff's geographic territory and use its tradename is unacceptable.

35.    Additionally, since Defendants' product offerings are at the very lower-end of the spectrum, it is impacting Plaintiff's business reputation negatively.

### FIRST CLAIM FOR RELIEF
### TRADEMARK INFRINGEMENT AND UNFAIR COMPETITION
### IN VIOLATION OF § 43(a) OF THE LANHAM ACT

36.    Plaintiff incorporates by reference the allegations in the prior paragraphs as if set forth here.

37.    By using "Floor & Decor" in connection with the marketing of flooring and

BARSHAY | SANDERS PLLC
100 GARDEN CITY PLAZA, SUITE 500
GARDEN CITY, NEW YORK 11530

design products to Kings, Queens, Nassau and Suffolk counties, New York, Defendants are likely to cause confusion, or mistake, or to deceive customers as to an affiliation, connection, or association of Defendants with Plaintiff, or sponsorship of Defendants by Plaintiff, all in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

38.     Defendants' conduct has caused, and continues to cause, irreparable injury to the value and goodwill of Plaintiff's trade names and services marks, as well as irreparable injury to its business, goodwill, and reputation. Plaintiff has no adequate remedy at law.

## SECOND CLAIM FOR RELIEF
## TRADEMARK INFRINGEMENT AND UNFAIR COMPETITION
## IN VIOLATION OF THE COMMON LAW AND
## NEW YORK GENERAL BUSINESS LAW § 349

39.     Plaintiff incorporates by reference the allegations in the prior paragraphs as if set forth here.

40.     By using "Floor & Decor" in connection with the marketing of flooring and design products to consumers in Kings, Queens, Nassau and Suffolk Counties New York, Defendants are likely to cause confusion, or mistake, or to deceive customers as to an affiliation, connection, or association of Defendants with Plaintiff, or sponsorship of Defendants by Plaintiff, all in violation of the common law of the State of New York and N.Y. Gen. Bus. L. § 349.

41.     Defendants have engaged in the infringement alleged herein with the intent to deceive and defraud the public, to take advantage of the extensive investment made by Plaintiff in its trade names and service marks, and to misappropriate the substantial goodwill associated with such trade names and service marks.

42.     Defendants' conduct has caused, and continues to cause, irreparable injury to the value and goodwill of Plaintiff's trade names and services marks, as well as irreparable injury to its business, goodwill, and reputation. Plaintiff has no adequate remedy at law.

43.     Defendants have willfully and knowingly violated N.Y. Gen. Bus. L. § 349.

## THIRD CLAIM FOR RELIEF
## VIOLATION OF NEW YORK
## GENERAL BUSINESS LAW § 360-*l*

44.     Plaintiff incorporates by reference the allegations in the prior paragraphs as if set

forth here.

45.    By using "Floor & Decor" in connection with the marketing of flooring and design products to consumers in Kings, Queens, Nassau and Suffolk Counties New York, Defendant is likely to cause confusion, or mistake, or to deceive customers as to an affiliation, connection, or association of Defendant with Plaintiff, or sponsorship of Defendant by Plaintiff, all in violation of N.Y. Gen. Bus. L. § 360-*l*.

46.    Defendants have engaged in the infringement alleged herein with the intent to deceive and defraud the public, to take advantage of the extensive investment made by Plaintiff in its trade names and service marks, and to misappropriate the substantial goodwill associated with such trade names and service marks.

47.    Defendants' activities are likely to injure Plaintiff's business reputation and dilute the distinctive quality of its trade names and service marks.

48.    By reason of Defendants' activities, Plaintiff has been seriously and irreparably injured and, unless Defendant is restrained therefrom, Plaintiff will continue to be so damaged.

49.    Plaintiff has no adequate remedy at law.

## JURY DEMAND

50.    Plaintiff hereby demands a trial of this action by jury.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff respectfully requests judgment as follows:

1.    For a temporary, preliminary, and permanent injunction against Defendants and all persons acting in concert with Defendants or purporting to act on Defendant's behalf or in active concert or in participation with Defendants, including, but not limited to, Defendants' agents, servants, employees, successors, assigns, and attorneys, enjoining and restraining them from infringing Plaintiff's trade names and service marks, from diluting the distinctive quality of the Plaintiff's trade names and service marks, and from unfairly competing with Plaintiff in any manner whatsoever, and specifically from:

(a) using "Floor & Decor" in connection with the marketing of flooring products in Kings, Queens, Nassau and Suffolk countries, New York;

(b) performing any acts that are likely to mislead consumers into believing that Defendants and/or their products are affiliated in any way with Plaintiff; and

BARSHAY | SANDERS PLLC
100 GARDEN CITY PLAZA, SUITE 500
GARDEN CITY, NEW YORK 11530

(c) committing any other acts that infringe Plaintiff's trade names or service marks or constitutes unfair competition against Plaintiff;

2. For an Order that Defendants file with the Court and serve on Plaintiff's counsel within thirty (30) days after service of any preliminary injunction or final injunction issued herein, or within such reasonable time as the Court may direct, a report in writing and under oath, setting forth in detail the manner and form in which Defendants have complied with such injunction.

3. For all damages Plaintiff has suffered by reason of Defendants' unlawful activities.

4. For all profits wrongfully derived by Defendant through its unlawful activities.

5. For three times Defendants' profits or Plaintiff's damages, whichever is greater, arising from Defendants' unlawful activities pursuant to 15 U.S.C. § 1117(a) and New York law.

6. For punitive damages to the fullest extent permitted by law and equity, and as required in the interests of justice.

7. For prejudgment and post-judgment interest, pursuant to 15 U.S.C. § 1117(b) and other applicable law.

8. For a determination that this case be deemed to be an "exceptional" case and/or that Defendants acted in "bad faith" and awarding costs of suit and reasonable attorney fees and disbursements, pursuant to 15 U.S.C. § 1117(b) and other applicable law.

9. For such other and further relief as this Court deems just and equitable.

DATED: November 13, 2018

BARSHAY SANDERS, PLLC

By: /s/ *Craig B. Sanders*
Craig B. Sanders, Esq.
100 Garden City Plaza, Suite 500
Garden City, New York 11530
Tel: (516) 203-7600
Fax: (516) 706-5055
csanders@barshaysanders.com
*Attorneys for Plaintiff*
Our File No.: 116508