UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------X
RVC FLOOR DECOR, LTD.,

                   Plaintiff,                 <u>MEMORANDUM & ORDER</u>
                                       18-CV-6449 (JS)(ARL)

    -against-

FLOOR AND DECOR OUTLETS OF
AMERICA, INC.,

                   Defendant.
--------------------------------X
APPEARANCES
For Plaintiff:        Craig B. Sanders, Esq.
                  Jonathan Mark Cader, Esq.
                  James H. Freeman, Esq.
                  Sanders Law Group
                  333 Earle Ovington Boulevard, Suite 402
                  Uniondale, New York  11530

                  Erica Carvajal, Esq.
                  Sanders Law LLC
                  100 Garden City Plaza, Suite 500
                  Garden City, New York  11530

For Defendant:        Bryan J. Wolin, Esq.
                  H. Forrest Flemming, III, Esq.
                  Robert Nathan Potter, Esq.
                  Kilpatrick Townsend & Stockton LLP
                  1114 Avenue of the Americas, 21st Floor
                  New York, New York  10036

                  Richard Charles Henn, Jr., Esq.
                  Kilpatrick Townsend & Stockton LLP
                  1100 Peachtree Street, Suite 2800
                  Atlanta, Georgia  30309

SEYBERT, District Judge:

    RVC Floor Decor, Ltd., (hereafter the "Plaintiff") initiated

this trademark infringement case against Floor & Decor Outlets of

America (hereafter the "Defendant") pursuant to Section 43(a) of

the Lanham Act, New York common law, and New York General Business Law Section 360-l.[1]   Presently before the Court is Defendant's Motion for Judgment as a Matter of Law; arguments were presented on the record on April 14, 2023.   For the reasons that follow, Defendant's Motion is DENIED.

## BACKGROUND

For a thorough recitation of the factual and procedural background of this case, the Court refers the parties to Judge Hurley's March 18, 2021, Memorandum & Order denying Plaintiff's motion for summary judgment and denying in part and granting in part Defendant's cross-motion for summary judgment.   See RVC Floor Decor, Ltd. v. Floor and Decor Outlets of Am., Inc., 527 F. Supp. 3d 305, 312-15 (E.D.N.Y. 2021).[2]

## DISCUSSION

I.   Legal Standard

A court may grant judgment as a matter of law pursuant to Federal Rule of Civil Procedure ("Rule") 50(a) "if it concludes that the evidence, viewed in the light most favorable to the

---

[1] Plaintiff also brought claims pursuant to New York General Business Law Section 349, which were dismissed during the summary judgment stage of this case.   See RVC Floor Decor, Ltd. v. Floor and Decor Outlets of Am., Inc., 527 F. Supp. 3d 305, 321-22 (E.D.N.Y. 2021).

[2] Judge Hurley's Memorandum & Order is also available on the docket at ECF No. 147.   Going forward, the Court will refer to this case by its Reporter citation.

opposing party, is insufficient to permit a reasonable juror to make a particular finding." Okraynets v. Metro. Transp. Auth., 555 F. Supp. 2d 420, 444 (S.D.N.Y. 2008) (citing Galdieri-Ambrosini v. Nat'l Realty & Dev. Corp., 136 F.3d 276, 289 (2d Cir. 1998)). "Under Rule 50, judgement as a matter of law is appropriate where "there is no legally sufficient evidentiary basis for a reasonable jury to find for" a party." Merrill Lynch Interfunding, Inc. v. Argenti, 155 F.3d 113, 120 (2d Cir. 1998) (quoting FED. R. CIV. P. 50(a)(1)) (internal quotations and citations omitted). As such, judgement as a matter of law may only be granted where "viewed in the light most favorable to the nonmoving party, the evidence is such that, without weighting the credibility of the witnesses or otherwise considering the weight of the evidence, there can be but one conclusion as to the verdict that reasonable men could have reached." Id. (quoting Samuels v. Air Transp, Local 504, 992 F.2d 12, 14 (2d Cir. 1993)) (further citation omitted).

II.   Analysis

    A. Secondary Meaning

    In its Motion, Defendant moved on all of its claims arguing that Plaintiff cannot establish that its "FLOOR DECOR" mark achieved secondary meaning before July 2015.

    "A mark has secondary meaning if 'in the minds of [the] public, the primary significance of a product feature or term is to identify the source of the product rather than the product

itself.'" RVC Floor Decor, 527 F. Supp. 3d at 316 (quoting Inwood Labs., Inc. v. Ives Labs., Inc., 456 U.S. 844, 851 n.11 (1982)). To establish secondary meaning "courts consider: (1) length and exclusivity of use; (2) advertising expenditures; (3) consumer studies linking the product to the product source; (4) sales success; (5) unsolicited media coverage of the product; and (6) attempts to plagiarize." Id. (citation omitted). As previously noted by the Court, "[n]o single factor is determinative, and every element need not be proved." Id. at 316-17 (quoting Thompson Med. Co. v. Pfizer Inc., 753 F.2d 208, 217 (2d Cir. 1985)).

Here, Plaintiff is not required to present evidence of secondary meaning from each category articulated above and based upon what has been presented thus far, the Court cannot rule as a matter of law that there is no legally sufficient evidentiary basis for a reasonable jury to find for Plaintiff on the issue of secondary meaning. Plaintiff has provided, inter alia, evidence establishing its long-term use of the "FLOOR DECOR" mark, as well as revenue figures that establish that the business was successful.

For these reasons, the Court declines to rule as a matter of law that Plaintiff cannot establish secondary meaning.

B. Plaintiff's New York Common Law Claims

As part of its New York common law unfair competition claim Plaintiff must show that Defendant acted in bad faith. RVC Floor Decor, 527 F. Supp. 3d at 322; see also Rockland Exposition, Inc. v. All. Of Auto. Serv. Providers of N.J., 894 F. Supp. 2d 288, 326 (S.D.N.Y. 2012) ("This extra element of bad faith differentiates a common law claim for unfair competition from a trademark infringement claim under the Lanham Act." (citing Empresa Cubana Del Tabaco v. Culbro Corp., 399 F.3d 462, 485 (2d Cir. 2005))).  "In assessing bad faith, the Court considers 'whether the defendant adopted its mark with the intention of capitalizing on plaintiff[']s reputation and goodwill and any confusion between his and the senior user's product." Id. (quoting Louis Vuitton Malletier, S.A. v. Hyundai Motor Am., No. 10-CV-1611, 2012 WL 1022247, at *24 (S.D.N.Y. Mar. 22, 2012)).

The Court has previously found that this issue is "best left to the jury." RVC Floor Decor, 527 F. Supp. 3d at 328-29. Indeed, "[r]esolution of [an unfair competition claim] requires a complex factual analysis of a variety of factors including . . . the nature of the alleged unfair practices." Id. (quoting Capitaland Heating & Cooling, Inc. v. Capitol Refrigeration Co., Inc., 134 A.D.2d 721, 722 (3rd Dep't 1987)).  Since the Court cannot rule as a matter of law that there is no legally sufficient evidentiary basis for a reasonable jury

to find bad faith intent on Defendant's part, the Court denies Defendant's Motion as to the New York common law unfair competition claim.

C. Anti-Dilution

A claim under New York General Business Law § 360-l requires plaintiff to prove "(1) that it possess[es] a strong mark—one which has a distinctive quality or has acquired a secondary meaning . . . and (2) a likelihood of dilution by either blurring or tarnishment." RVC Floor Decor, 527 F. Supp. 3d at 330 (citations omitted). The Court has already determined that it cannot rule as a matter of law that there is no legally sufficient evidentiary basis for a reasonable jury to find that Plaintiff has established secondary meaning. Additionally, Plaintiff has presented evidence from its store manager on the issue of blurring. For these reasons, the Court, likewise, denies this arm of Defendant's Motion.

D. Punitive Damages Under New York Law

"In the context of a claim for unfair competition . . . 'New York law clearly permits punitive damages where a wrong is aggravated by recklessness or willfulness.'" Getty Petroleum Corp. v. Island Transp. Corp., 878 F.2d 650, 647 (2d Cir. 1989) (quoting Roy Export Co. v. CBS, Inc., 672 F.2d 1095, 1106 (2d Cir. 1982)). Here, Plaintiff has presented evidence that

Defendant, _inter alia_, entered the relevant geographical area with knowledge of Plaintiff's store and Plaintiff's mark.

As previously stated, the bad faith inquiry is one that is ultimately best left to the jury's determination. See Malletier v. Dooney & Bourke, Inc., No. 04-CV-2990, 2007 WL 1498323, at *1 (S.D.N.Y. May 22, 2007) (explaining that the Second Circuit "has used both 'bad faith' and 'willful deception' interchangeably). The Court is not persuaded to deviate from this finding by Defendant's Motion.

E. Disgorgement of Profits under the Lanham Act

Accepting Defendant's argument as true, that its mental state is an important consideration in determining whether an award of disgorgement of profits is appropriate, the Court denies Defendant's Motion on this issue for the same reasons noted above. Cf. EMI Catalogue P'Ship v. Hill, Holliday, Connors, Cosmopulos, Inc., 228 F.3d 56, 67-68 (2d Cir. 2000) ("Because the issue goes to defendants' intent, it is best left in the hand of the trier of fact.") (citation omitted).

<u>CONCLUSION</u>

Accordingly, for the stated reasons, **IT IS HEREBY ORDERED that** Defendant's oral Motion for Judgement as a Matter of Law is DENIED.


SO ORDERED.


/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated: April 14, 2023
       Central Islip, New York